110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michelle Y. MAIDES; Scott D. Maides, Plaintiffs-Appellants,
v.
RALPHS GROCERY COMPANY, Defendant-Appellee.
Michelle Y. MAIDES; Scott D. Maides, Plaintiffs-Appellees,
v.
RALPHS GROCERY COMPANY, Defendant-Appellant.
 Nos. 94-56674, 94-56675.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1997.*
Decided March 18, 1997.
 
 1
 Appeals from the United States District Court for the Southern District of California, No. CV-92-01035-JSR; John S. Rhoades, District Judge, Presiding.
 
 
 2
 S.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before: BROWNING and KLEINFELD, Circuit Judges, and MERHIGE, District Judge.**
 
 
 5
 MEMORANDUM***
 
 
 6
 The district court did not err in granting summary judgment on Maides's Title VII disparate treatment claims. Under the Pregnancy Discrimination Act, Ralphs was obligated to treat pregnancy as it treated any other temporary disability. See 42 U.S.C. § 2000e(k); 29 C.F.R. § 1604.10. The collective bargaining agreement set forth what Ralphs must do to accommodate a temporarily disabled employee:
 
 
 7
 [T]he Employer agrees to grant ... to any employee who has been with the Employer for one (1) year or more [as Maides had], a leave of absence for certified illness and/or injury up to six (6) months.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 The Employer agrees to grant to any pregnant employee who has been with the Employer for less than one (1) year, a leave of absence for that pregnancy, childbirth, or related medical conditions, pursuant to the California Fair Employment Practices and Housing Act, Sec. 12945-(b)(2), for a reasonable period, not to exceed four (4) months. If the employee has been with the Employer for one (1) year or more, the leave may be for up to six (6) months.
 
 
 11
 See Collective Bargaining Agreement Art. 9, Section A. According to the uncontroverted testimony of a Ralphs officer, the employer did not grant temporary transfers to light-duty work for disabilities.
 
 
 12
 In light of this evidence presented by Ralphs, Maides did not make a showing sufficient to take her disparate treatment case to a jury. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). In particular, she did not create a genuine issue of material fact of whether she suffered from a differential application of work rules compared with other, similarly situated employees. For the same reason, her claim fails under California law, which also requires only that Ralphs treat pregnant employees like other temporarily disabled employees. See Cal.Gov.Code § 12945(b).
 
 
 13
 Maides also did not establish a prima facie case that a facially neutral practice had a disparate impact on a protected group. See Connecticut v. Teal, 457 U.S. 440, 446 (1982). She did not show evidence of a statistically significant sample of workers from which a reasonable jury could conclude that the Ralphs policy had a disparate impact on women. Obviously pregnancy is limited to women, but some disabilities are limited to men, and most pregnancies probably do not result in more than six months of disability. Since evidence of disparate impact was required as part of her prima facie case, the district court correctly granted summary judgment on this claim. See Massarsky v. General Motors Corp., 706 F.2d 111, 121 (3d Cir.1983).
 
 
 14
 Maides claims she could have developed this proof if she had been permitted to conduct additional discovery, but she failed to file a Rule 56(f) affidavit in the district court. Without a proper Rule 56(f) affidavit, the court was not in a position to determine what additional facts were sought and why the discovery could not have been obtained in a timely manner. The district court did not abuse its discretion by refusing to allow Maides additional discovery based on a letter unaccompanied by a Rule 56(f) affidavit.
 
 
 15
 The district court correctly concluded that three of Maides's state law tort claims were preempted by Section 301 of the Labor Management Relations Act, since evaluation of these claims would require interpretation of the collective bargaining agreement. Her emotional distress claim necessarily requires the court to assess whether Ralphs acted reasonably, and the collective bargaining agreement is relevant to this question. Miller v. AT & T Network Sys., 850 F.2d 542, 550 (9th Cir.1988). Unlike the Perugini case cited by Maides, this case does not present allegations of outrageous conduct independent of the decision not to transfer Maides to light-duty work. See Perugini v. Safeway Stores, Inc., 935 F.2d 1083 (9th Cir.1991). The claims in Perugini were not preempted because reference to the collective bargaining agreement was not required to determine whether Safeway's employees' conduct "exceeded all bounds usually tolerated in a civilized community." Id. at 1088. In this case, the only ground for Maides's emotional distress claim is the decision not to transfer her to light-duty work, and the collective bargaining agreement speaks directly to whether or not Ralphs was required to grant this transfer request.
 
 
 16
 Maides's negligence claim is similarly preempted, because evaluating whether Ralphs breached its duty of care would require an analysis of the clarity of the collective bargaining agreement provisions dealing with temporary disability. Finally, her fraud claims are preempted because of a provision in the collective bargaining agreement expressly invalidating any promises made by Ralphs inconsistent with the terms of the agreement.
 
 
 17
 The district court exercised its discretion and decided not to retain supplemental jurisdiction over Maides's remaining state-law claims. Ralphs cross-appeals, claiming that the case should be remanded to the district court to apply the two-part analysis of Executive Software v. U.S. District Court, 24 F.3d 1545 (9th Cir.1994). The district court relied on Gibbs, and concluded that exercise of supplemental jurisdiction would not be appropriate because it had dismissed the federal claims before trial. Cf. 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715 (1966). While the district court did not expressly perform the two-step analysis set forth in Executive Software, it did consider whether fairness, economy, convenience, and comity would best be served by retaining jurisdiction. It did not abuse its discretion by concluding that these values would be promoted by remanding the state claims for development there.[1]
 
 
 18
 The judgment of the district court is AFFIRMED. Maides's request for fees on cross-appeal is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge, for the Eastern District of Virginia, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This court takes judicial notice of the state court pleadings submitted on appeal by Ralphs